# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RAMTIN SABET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 16-cv-10783 |
| | ) |
| THE CITY OF NORTH CHICAGO, | ) The Honorable Sara L. Ellis |
| ILLINOIS, RICHARD WILSON, in his | ) Judge Presiding |
| Individual and official capacity, and JAMES | ) |
| JACKSON, in his individual and official | ) |
| Capacity, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTIONS *IN LIMINE* 1 THROUGH 17

Plaintiff Ramtin Sabet by his attorney, Phillip J. Robertson, of the Council on American-Islamic Relations, Chicago Office (CAIR-Chicago), prior to the selection of the jury in this case, respectfully moves this Honorable Court, *in limine*, to enter an order directing that all parties to this action, through their respective counsel, and the representatives of the parties, and the parties' counsel, and any witnesses called by the parties, to refrain from making any direct or indirect mention, whatsoever, at the trial, before the jury, of the matters hereinafter set forth, without first obtaining permission from this Court, outside the presence and hearing of the jury:

1. Any reference as to how or from what sources, directly or indirectly, any judgment may be satisfied. The sources for payment of a judgment are not relevant and should be barred. Fed.R.Evid. 401, 402; *Queen v. W.I.C.,* 2017 WL 4223950 *6 (S. D. Ill., 2017); *Austin v. Cook County,* 2012 WL 1530452 *3 (N.D. Ill.2012).

2. To bar any mention or inference that any Defendant may file for bankruptcy, is currently bankrupt, or unable to pay any judgment against said Defendant. This information is not

relevant and should be barred. Fed.R.Evid. 401, 402 *Adams Laboratories, Inc., v. Jacobs Engineering Co, Inc.,* 761 F. 2d 1218, 1225-26 (7th Cir. 1985).

    3.     To bar any argument or suggestion that the plaintiff failed to produce a witness or any other evidence without first obtaining a ruling from the court, outside the hearing and presence of the jury, that the court intends to give 7th Cir. PCJI 1.19 instruction against the plaintiff. *Oxman v. WLS TV,* 12 F.3d 652, 661 (7th Cir. 652); *Austin,* 2012 WL 1530452 at *3).

    4.     To bar any argument, statement, suggestion or implication that the plaintiff has manufactured evidence or that the plaintiff is hiding evidence. *Oxman,* 12 F 3d at 659-60.

    5.     To bar any reference by the Defendant's witnesses that there is no "credible evidence" supporting the plaintiffs' claims. This contention usurps the function of the jury. *Garrit v. City of Chicago,* 2022 WL 124554 at *10 (N. D. Ill. 2022) *Rivera v. Heck,* 2018 WL 4354949 at *5-7 (W.D. Wisc. 2018).

    6.     That the court exclude all witnesses, other than the parties, during the trial of this case. Fed. R. Evid. 615.

    7.     That the Court allow Plaintiff to treat all non-Defendant North Chicago police officers as hostile witnesses pursuant to Federal Rule of Evidence 611. *Ratcliff v. City of Chicago,* 2012 WL 7993412 at *1 (N.D. Ill. 2012); *Fields v. City of Chicago,* 2018 WL 1652093 at * 5 (N.D. Ill. 2018).

    8.     To preclude the defendants from using leading questions on any adverse witness called by the plaintiff. Pursuant to Fed.R.Evid. 611, an adverse witness may be called and examined as if under cross-examination at the instance of any adverse party. Therefore, when plaintiff calls an adverse witness, plaintiff, as the party calling the adverse witness, is entitled to examine the witness using leading questions. In such a situation, however, defense counsel does

not have the right to cross-examine the adverse witness called by the plaintiff using leading questions. *Securities and Exchange Comm. V. Bluepoint Investment Counsel*, 2021 WL 5833207, *2 (USDC W.D. Wisc. 12/9/2021); *Schultz v. Rice*, 809 F.2d 643, 654-55 (10th Cir. 1986) (denying leading questions when the cross-examination is cross-examination in form only and not in fact, as for example the 'cross-examination' of a party by his own counsel after being called by the opponent.); *Alpha Display Paging, Inc., v. Motorola Communications and Electronics, Inc.*, 867 F.2d 1168, 1171 (8th Cir. 1989)( Generally, when a witness identified with an adverse party is called, the roles of the parties are reversed. Leading questions would be appropriate on direct examination but not on cross-examination. Nevertheless, a district court must be given great discretion in governing the mode of interrogating witnesses.); *Griffin v. Subram*, 238 Ill.App.3d 712, 719-20 (1st Dist. 1992) (applying Illinois law). As a result, defense counsel in such a situation has the right to examine but not to cross-examine a witness who has testified as an adverse witness under Fed.R.Evid. 611.

9. To bar any argument, statement, suggestion or implication that the plaintiff has manufactured evidence or that the plaintiff is hiding evidence. *Oxman,* 12 F 3d at 659-60.

10. To bar any reference by the defendants' witnesses that there is no "credible evidence" supporting the plaintiffs' claims. This contention usurps the function of the jury. *Garrit v. City of Chicago,* 2022 WL 124554 at *10 (N. D. Ill. 2022) *Rivera v. Heck,* 2018 WL 4354949 at *5-7 (W.D. Wisc. 2018).

11. That the Court permit the jury to submit written questions to each witness following the witness' examination. The Seventh Circuit American Jury Project found that permitting jurors to submit questions for witnesses during trial helped their understanding of the

facts, it does not reduce efficiency and strongly recommends use of this procedure. (7th Cir. American Jury Project, Executive Summary, p. 13 (2008)

12. To bar Defendant from introducing evidence or arguments that Defendant police officers would suffer negative consequences in their professional career due to the trial's outcome. Fed.R.Evid. 401, 402.

13. To bar any reference by Defendant, particularly in closing argument, that plaintiff has asked for a greater amount of money than he actually expects to be awarded.

14. To bar any reference by Defendant to or any argument that the Defendant's counsel is "shocked" by the plaintiff's damage request.

15. That Defendant or his counsel refrain from requesting stipulations in the presence of the jury. Any requests for stipulations should be made outside the presence of the jury.

16. That evidence of commendations, awards or honors conferred upon the Defendants be excluded because it is not relevant and is prejudicial. *Charles v. Cotter*, 867 F. Supp. 648 (N.D. Ill. 1994).

17. That mention or use of prior lawsuits by or against Plaintiff as well as Plaintiff's lawsuit against Northwestern University be barred because it may be construed as propensity evidence and unduly prejudicial. Fed.R.Evid. 403.

**WHEREFORE**, plaintiff Ramtin Sabet respectfully requests this Court to enter an order directing the parties and their witnesses, through their respective counsel, and counsel individually, not to mention, refer to or interrogate concerning, or voluntarily answer, or attempt to convey before the jury, at any time during these proceedings, in any manner, either directly or indirectly, the subject matters as stated above, without first informing the Court and obtaining permission of the Court, outside the presence and hearing of the jury; and further, to instruct the parties and their

witnesses, through their respective counsel, and counsel individually, not to make any reference or inference to the fact that this motion has been filed, argued or ruled upon by this Court, and further that each respective counsel be instructed to advise, warn and caution each and every witness appearing in their phase of this litigation to strictly comply with any order entered by the court pursuant to plaintiff's motions *in limine*.

**RAMTIN SABET**

*s/ Phillip J. Robertson*
———————————————

Phillip J. Robertson
CAIR-Chicago
17 North State Street - Suite 1500
Chicago, Illinois 60602

(312) 212-1520
Atty. No. 6209869
probertson@cair.com